## THE HANNINGTON COURT.

### (District Court, E. D. New York. July 2, 1918.)

**1.** SEAMEN ⚚⟶7—EMPLOYMENT—ARTICLES—DISAVOWAL.
   Where seamen, signing in Italy, accepted services of man who could speak some Italian in making known to them the terms of the articles, they cannot disavow terms of the articles.

**2.** SEAMEN ⚚⟶3—ARTICLES—LAW GOVERNING CONTRACT.
   Where seamen signed articles in Italy before British consul, the contract is governed by British law and not the La Follette Act.

In Admiralty. Libel by Bushe Sherale and others against the steamship Hannington Court, her tackle, apparel, etc. Decision in favor of claimant.

Silas B. Axtell, of New York City, for libelants.
Kirlin, Woolsey & Hickox, of New York City, for claimant.

CHATFIELD, District Judge. Four of the libelants signed as firemen at the port of Savona, Italy, about the 1st day of June, 1915; the fifth libelant joined her at Genoa. All claimed that the articles were explained to them by some one who could understand a few words of Italian, which was not understood by the libelants, who are Arabs, and who testified that they understood that they would be paid off in Italy at the end of a single voyage. The articles read that the men signed for a voyage to America, not exceeding three years in duration. The vessel proceeded to Algeria, thence to Newport News, Va., and from there back to Genoa, where they claimed the right to be paid off, on their understanding that the voyage was a single trip to America and back. The libelants were not allowed to land, were brought to America on another voyage to Galveston, and thence to New York, where the vessel loaded and proceeded to Bordeaux, France. At this port the libelants were put in jail for attempting to go ashore, but were replaced upon the vessel and brought to New York, where she arrived on March 13, 1916. On March 23, 1916, they consulted the Legal Aid Society and made a demand for half of the wages due. This demand was made under the provisions of the La Follette Act (Act March 4, 1915, c. 153, 38 Stat. 1164), and they received one-half of the total amount then earned, less certain fines and advances. The libelants then left the ship, in order to get higher wages, and were marked off as deserters, forfeiting the balance due.

There is no evidence that the libelants left the vessel for any failure to meet their demand for half wages or for payment of money already advanced. After being properly marked off as "deserters," they cannot justify their conduct by making a new demand in the pleadings of this action.

[1, 2] But in addition the libelants do not make out their right to disavow the terms of the articles as signed at Savona. They accepted the services of a man who could speak some Italian, in making known to them the terms of the articles, which were signed before the British

consul at the time of signing, and the evidence does not support the charge of fraud, which could be made the basis of disavoidance or rescission of the contract. British law governs the contract, and the La Follette law does not apply.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes